## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RANDALL DAVID DUE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-1340-NJR** |
| | ) | |
| | ) | |
| **WARDEN WERLICH, FCI-** | ) | |
| **GREENVILLE, and BUREAU OF** | ) | |
| **PRISONS CENTRAL – WASHINGTON,** | ) | |
| **DC,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Randall David Due, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institution at Greenville, IL ("FCI Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction in *United States v. Due*, Case No. 12-cr-344-002 (Neb. 2012) ("Criminal Case"). Due asserts that because of numerous constitutional violations during his criminal proceedings, he is entitled to immediate release from custody (Doc. 1, p. 9).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

On December 5, 2014, Due was sentenced in the District of Nebraska to 120 months' imprisonment after a jury convicted him on one count of filing false liens or encumbrances in violation of 18 U.S.C. § 1521, one count conspiracy to file false liens in violation of 18 U.S.C. § 1521, and five counts of filing false liens or encumbrances in violation of 18 U.S.C. §§ 1521 and 3147. It does not appear that Due filed a direct appeal of his Judgment, although he filed a number of interlocutory appeals during the course of his criminal proceedings, as well as two petitions for writ of mandamus. *United States v. Due*, Case Nos. 14-1263, 14-2017, 14-2338, and 14-2674 (8th Cir.); *In re: Randall Due*, Case Nos. 14-1385 and 14-1137 (8th Cir.).

On November 4, 2019, in Due's criminal case, the District of Nebraska received a document requesting miscellaneous relief which the district court found was not in the nature of a postconviction pleading, and the document was returned (Criminal Case, Doc. 576). Due subsequently appealed that Order, and the appeal is still pending. *See United States v. Due*, Case No. 19-cr-3466 (8th Cir.). He has not filed a challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255.

While incarcerated at Federal Correctional Institute Gilmer in Glenville, West Virginia, he filed a petition for relief under Section 2241. *Due v. Saad*, Case No. 18-cv-29-GMG (N.D. W.V.) ("First Section 2241 Petition"). Due asserted eight grounds for relief including that: (1) he was actually, legally, and factually innocent, (2) there was insufficient evidence at trial to demonstrate he knowingly filed a false lien or that he knowingly conspired to do so, (3) the trial court improperly admitted perjured testimony by a judge, (4) his Fifth Amendment rights were violated by the trial court's rulings on the admissibility of testimony, (5) post-conviction attempts to obtain relief were inadequate and ineffective because the judges who presided over those attempts had a

financial conflict of interest and refused to recuse, (6) the trial court erred in its jury instructions, (7) the trial court improperly admitted evidence at trial, and (8) the trial court lacked jurisdiction to hear the underlying case (First Section 2241 Petition at Doc. 12, p. 7). On December 19, 2018, Due's petition was dismissed without prejudice because he did not seek relief under any permissible grounds and the relief sought could have been raised on direct appeal or through a Section 2255 petition (*Id.* at Doc. 15). He appealed the dismissal, but the appeal was dismissed for failure to prosecute. *Due v. Saad*, Case No. 19-6317 (4th Cir. 2019).

On December 9, 2019, Due filed the pending Petition (Doc. 1). He asserts seven grounds of relief including that: (1) the trial judge denied his Fifth Amendment rights, (2) the trial judge improperly allowed perjured testimony from government witnesses, (3) the government failed to prove all essential elements of the crime beyond a reasonable doubt, (4) the jury instructions did not contain the allegations claimed in the indictment, (5) the government failed to produce a "contractual negotiable instrument" that would bind Due to the government's private copy-righted by-laws, (6) judicial officers of the court aided and abetted in the cover-up of the stated violations, and (7) judicial officers of the court violated their "oath/contract" to support the Constitution during the trial (*See* Doc. 1, pp. 6-8).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective

to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Due satisfies none of these requirements. A number of Due's claims have already been raised in his First Section 2241 Petition and those claims were rejected because he did not qualify for relief under the savings clause. He offers no new grounds which would fall under the savings clause. He does not rely on a new statutory interpretation case. He also fails to explain how a Section 2255 proceeding would be "inadequate and ineffective". He is challenging the validity of his conviction based on claims which could have been raised on direct appeal or in a Section 2255 proceeding. Thus, Section 2241 is not the proper vehicle for review of Due's conviction.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. All pending motions are **DENIED as moot**.

If Due wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Due plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Due does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for Due to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/12/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**