# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WARDEN WERLICH, FCI- ) <br> GREENVILLE, and BUREAU OF ) <br> PRISONS CENTRAL – WASHINGTON, ) <br> DC, ) <br> ) <br> Respondent. ) | Case No. 19-cv-1340-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Randall David Due's motion for reconsideration (Doc. 8). Due argues that his claims under *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), should proceed because it was not available to him at the time he filed his Section 2255 Petition.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of

1

judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court finds that Due's motion falls under Rule 59(e) given the timing of the motion (within 28 days of the relevant Order) and the nature of his arguments. A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Due argues that his claim under *Mathis* was not available to him when he brought his Section 2255 Petition. But Due did not raise a *Mathis* claim in his original Petition. In his original Petition, which this Court dismissed on February 13, 2020, Due raised seven claims: (1) the trial judge denied his Fifth Amendment rights, (2) the trial judge improperly allowed perjured testimony from government witnesses, (3) the government failed to prove all essential elements of the crime beyond a reasonable doubt, (4) the jury instructions did not contain the allegations

claimed in the indictment, (5) the government failed to produce a "contractual negotiable instrument" that would bind Due to the government's private copy-righted by-laws, (6) judicial officers of the court aided and abetted in the cover-up of the stated violations, and (7) judicial officers of the court violated their "oath/contract" to support the Constitution during the trial (*See* Doc. 1, pp. 6-8). A number of those claims were raised in a previous Section 2241 Petition and were also rejected because he did not meet to requirements for relief under Section 2255's savings clause. None of the claims relied on a new statutory interpretation case, nor did the claims rely on *Mathis*. Due is trying to offer a new avenue of relief which he could have raised in his original Petition before this Court. Because he failed to raise this claim in his original Petition, his motion for reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: 4/8/2020**

                                                          **NANCY J. ROSENSTENGEL**
                                                          **Chief U.S. District Judge**